IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLARENCE ARTHUR ROBINSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1796-N |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Clarence Arthur Robinson, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 1998, petitioner pled guilty to aggravated assault with a deadly weapon. The trial court deferred an adjudication of guilt and placed petitioner on probation for 10 years. While on probation, petitioner tested positive for cocaine. He also was charged with failing to report to his probation officer and not paying court costs, fines, or probation fees. The trial court found these allegations true, revoked petitioner's probation, and sentenced him to 25 years confinement. Petitioner appealed his conviction and sentence, but the appeal was dismissed for want of jurisdiction. *Robinson v. State*, No. 05-01-01123-CR, 2002 WL 31439408 (Tex. App.--Dallas, Nov. 1, 2002, no pet.). He also filed two applications for state post-conviction relief and a federal writ of habeas corpus. Petitioner's first state writ and federal writ were denied on the merits. *Ex parte*

*Robinson*, No. 56,791-02 (Tex. Crim. App. Nov. 5, 2003); *Robinson v. Dretke*, No. 3-03-CV-2838-B, 2005 WL 1249485 (N.D. Tex. May 25, 2005), *rec. adopted*, 2005 WL 1429606 (N.D. Tex. Jun. 17, 2005).  His second state writ was dismissed as successive.  *Ex parte Robinson*, No. 56,791-03 (Tex. Crim. App. Sept. 13, 2006).

Petitioner now seeks federal habeas relief for a second time.  In three grounds for relief, petitioner contends that:  (1) he was never offered a probation revocation hearing; (2) he received ineffective assistance of counsel; and (3) the trial court abused its discretion in revoking his probation and sentencing him to 25 years confinement.  Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief.  *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996).  A petitioner must show that the successive application is based on:  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2244(b)(2).  This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court.  *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief.  Petitioner must obtain such an order before this case is filed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   October 4, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE